# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM GLENN AND | § | |
| CHERYL GLENN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| L. RAY CALHOUN & CO., d/b/a | § | 1:13-CV-00701 |
| CALHOUN AND COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| v. | § | |
| | § | |
| ONEBEACON AMERICA INSURANCE | § | |
| COMPANY, TEXAS BUSINESS | § | |
| PURCHASING ALLIANCE, INC., | § | |
| ASSURANCE RESOURCES, INC. AND | § | |
| TY TEMPLETON, INDIVIDUALLY, | § | |
| | § | |
| Third-Party Defendants. | § | |

## ONEBEACON AMERICA INSURANCE COMPANY'S FIRST AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION

OneBeacon America Insurance Company ("OneBeacon") files this First Amended Answer and Counterclaim to Plaintiffs' Fourth Amended Original Petition, and in support thereof would respectfully show the Court as follows:[1]

## I.
## PARTIES AND PROCESS

OneBeacon admits that it is a foreign corporation in the business of insurance, doing business in the State of Texas, and that it may be served with process at the address listed in the Plaintiff's Fourth Amended Original Petition ("the Petition").

---

[1] Plaintiffs did not number the paragraphs in the Fourth Amended Original Petition. OneBeacon will therefore address the allegations in the petition by the numbered sections.

OneBeacon need not admit or deny the final allegation of Section I, that discovery is intended to be conducted pursuant to Level 2 in accordance with Texas Rule of Civil Procedure 190.3, as this allegation is no longer relevant due to the removal of this case to federal court.

OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Section I of the Petition.

## II.
## VENUE

OneBeacon need not admit or deny the allegations in Section II regarding venue and jurisdiction as those facts are no longer relevant due to the removal of this case to federal court.

## III.
## FACTS CONCERNING CALHOUN DEFENDANTS

OneBeacon need not admit or deny the allegations in Section III, as they relate to claims brought against Calhoun and not against OneBeacon. To the extent that Plaintiffs intend to use any of the facts alleged in Section III against OneBeacon, OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Section III.

## IV.
## CAUSE OF ACTION AGAINST CALHOUN DEFENDANTS

OneBeacon need not admit or deny the allegations in Section IV, as they relate to claims brought against Calhoun and not against OneBeacon. To the extent that Plaintiffs intend to use any of the facts alleged in Section IV against OneBeacon, OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Section IV.

## V.
## VICARIOUS LIABILITY

OneBeacon need not admit or deny the allegations in Section V, as they relate to claims brought against Calhoun and not against OneBeacon. To the extent that Plaintiffs intend to use

any of the facts alleged in Section V against OneBeacon, OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Section V.

## VI.
## PLAINTIFF WILLIAM GLENN'S DAMAGES

OneBeacon need not admit or deny the allegations in Section VI, as they relate to claims brought against Calhoun and not against OneBeacon. The Plaintiffs' claims against Calhoun have been remanded to state court, but to the extent that Section VI pleads that Plaintiffs are entitled to have a jury in this case (the case remaining in federal court) determine the sum of money that will fairly and reasonably compensate him for the injuries, damages, and losses he has suffered or will suffer, OneBeacon denies that allegation. To the extent that Plaintiffs intend to use any of the allegations in Section VI against OneBeacon, OneBeacon lacks knowledge or information sufficient to form a belief about the truth of any other allegations in Section VI.

## VII.
## PLAINTIFF CHERYL GLENN'S DAMAGES

OneBeacon need not admit or deny the allegations in Section VII, as they relate to claims brought against Calhoun and not against OneBeacon. To the extent that Plaintiffs intend to use any of the facts alleged in Section VII against OneBeacon, OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Section VII.

## VIII.
## NON-SUBSCRIBER

OneBeacon need not admit or deny the allegations in Section VIII, as they relate to claims brought against Calhoun and not against OneBeacon. To the extent that Plaintiffs intend to use any of the facts alleged in Section VIII against OneBeacon, OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Section VIII.

## IX.
## ALTER EGO AND PIERCING CORPORATE VEIL

OneBeacon need not admit or deny the allegations in Section IX, as they relate to claims brought against Calhoun and not against OneBeacon. To the extent that Plaintiffs intend to use any of the facts alleged in Section IX against OneBeacon, OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Section IX.

## X.
## FACTS CONCERNING INSURANCE DEFENDANTS

OneBeacon admits that it issued a Combined Benefit Group Accident Policy, No. BY00005 (the "Policy") to Calhoun & Company, Inc. OneBeacon lacks knowledge or information sufficient to form a belief about the truth of all other allegations in the first paragraph of Section X, except that it denies that any damages resulted from any alleged statements or omissions of any of its agents. OneBeacon denies all other allegations in Section X. More specifically, OneBeacon denies all allegations that appear in Section X, other than those addressed specifically in the preceding sentences, that appear under the following headings: Facts Concerning Insurance Defendants, Declaratory Judgment Act, Deceptive Trade Practices, Common Law Fraud, Fraud Under Insurance Code, Negligent Misrepresentation, Breach of Contract, Economic and Actual Damages, Multiple Damages, Attorney's Fees, and Vicarious Liability. In particular, OneBeacon denies that the Plaintiffs are entitled to relief under any of the causes of action listed in this Section X.

## XI.
## PRAYER

OneBeacon denies that the Plaintiffs are entitled to any of the relief they request in Section XI and denies all other allegations of Section XI.

## ONEBEACON'S AFFIRMATIVE DEFENSES

**1.   First Affirmative Defense**

Plaintiffs have failed to satisfy all the conditions precedent under the Policy.   In particular, Plaintiffs have failed to satisfy the Policy's applicable terms, conditions, exclusions, restrictions, and limitations for numerous reasons including, but not limited to, the following:

a.   It has not been established that Mr. Glenn's injuries resulted from an Accident or that they constitute Accidental Bodily Injury, both as defined in Section I of the Policy;

b.   It has not been established that Mr. Glenn was an Eligible Person as defined by the Policy;

c.   Even assuming Mr. Glenn was an Eligible Person as defined by the Policy, the named insured, "Calhoun & Company, Inc." ("Calhoun") was obligated to include him in its reporting of Eligible Persons beginning in April 2010, but did not do so — rather, Calhoun waited until he had been injured to report him and request coverage in May 2011, which request was refused;

d.   Even assuming Mr. Glenn was an Eligible Person as defined by the Policy, under Section VI of the Policy Calhoun was obligated to pay premiums for him beginning on or before the Premium Due Date of May 1, 2010, which Calhoun failed to do;

e.   Mr. Glenn was not a covered employee at the time of the reported accident;

f.   Sections II and IV of the Policy require that coverage for an injured employee must already be in place at the time of an Accident, but no coverage was in place as to Mr. Glenn at the time of the reported accident;

g.   Section XI of the Policy excludes coverage for benefits attributable to injuries occurring or conditions existing prior to the Effective Date of coverage;

h.   Section XI of the Policy excludes coverage for a Pre-Existing Condition or Injury; and

i.   Third-Party Plaintiff did not provide any written notice to OneBeacon of its complaint under the Texas Deceptive Trade Practices Act.

**2.   Second Affirmative Defense**

The Policy on which Plaintiffs sue is without consideration, or, in the alternative, any alleged consideration has failed in whole or in part.

3.      **Third Affirmative Defense**

Notice has not been given as required by the Policy.  In particular, Plaintiffs and/or Third-Party Plaintiff failed to give the notice required by Section VII., Claims, pages 16-18 of the Policy.  Although prejudice is not required to prevail on this defense, OneBeacon was prejudiced by such failure to comply with the Policy.

4.      **Fourth Affirmative Defense**

Proof of loss has not been given as required by the Policy. In particular, Plaintiffs and/or Third-Party Plaintiff failed to give the proof of loss required by Section VII., Claims, pages 16-18 of the Policy.  Although prejudice is not required to prevail on this defense, OneBeacon was prejudiced by such failure to comply with the Policy.

5.      **Fifth Affirmative Defense**

The Petition fails to state a viable cause of action or valid claim upon which relief can be granted against OneBeacon.

6.      **Sixth Affirmative Defense**

Plaintiffs seek benefits from OneBeacon pursuant to the Policy, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiffs' state law claims against OneBeacon thus "relate to" an "employee benefit plan" and are completely preempted by federal law pursuant to ERISA.

7.      **Seventh Affirmative Defense**

Plaintiffs' claims are completely barred by ERISA, because Plaintiffs failed to exhaust the administrative remedies provided for in the Policy and by ERISA.

8.      **Eighth Affirmative Defense**

Plaintiffs' claims are barred by ERISA because any decisions regarding Mr. Glenn's medical claims were neither an abuse of discretion nor arbitrary and capricious.  All benefit

determinations regarding Mr. Glenn's medical claims were proper and correct under the terms of the Policy.

**9.     Ninth Affirmative Defense**

Plaintiffs' claims "relate to" an "employee benefit plan."  Thus, they must be asserted against the benefit plan itself pursuant to ERISA.

**10.    Tenth Affirmative Defense**

Assuming Mr. Glenn was an Eligible Person as defined by the Policy, the insured, Calhoun, was obligated to include him in its reporting of Eligible Persons beginning in April 2010, but did not do so — rather, Calhoun waited until he had been injured to report him and request coverage in May 2011, which request was refused.

**11.    Eleventh Affirmative Defense**

Assuming Mr. Glenn was an Eligible Person as defined by the Policy, under Section VI of the Policy, Calhoun was obligated to pay a premium for him beginning on or before the Premium Due Date on May 1, 2010, which Calhoun failed to do.

**12.    Twelfth Affirmative Defense**

Mr. Glenn was not a covered employee at the time of the reported accident.

**13.    Thirteenth Affirmative Defense**

Sections II and IV of the Policy require that coverage for an injured employee must already be in place at the time of an Accident, but no coverage was in place as to Mr. Glenn at the time of the reported accident.

**14.    Fourteenth Affirmative Defense**

Section XI of the Policy excludes coverage for benefits attributable to injuries occurring or conditions existing prior to the Effective Date of coverage.

**15.    Fifteenth Affirmative Defense**

Section XI of the Policy excludes coverage for a Pre-Existing Condition or Injury.

**16.    Sixteenth Affirmative Defense**

It is contrary to public policy to insure against a known loss or a loss in progress, and the reported accident and Mr. Glenn's injuries occurred prior to Calhoun's request for coverage as to Mr. Glenn.

**17.    Seventeenth Affirmative Defense**

Plaintiffs have not provided any written notice to OneBeacon of their complaint under the Texas Deceptive Trade Practices Act.

**18.    Eighteenth Affirmative Defense**

Plaintiffs' claims under the Texas Deceptive Trade Practices Act are barred because Plaintiffs are not "consumers" as defined in such Act.

**19.    Nineteenth Affirmative Defense**

Plaintiffs have no standing to assert any cause of action based upon the transactions between OneBeacon and Calhoun.

**20.    Twentieth Affirmative Defense**

Plaintiffs' claims are barred because the Policy was terminated due to the fraud, misrepresentation and deceit of Calhoun.

**21.    Twenty-First Affirmative Defense**

Plaintiffs' claims are barred by the applicable statute(s) of limitation.

**22.    Twenty-Second Affirmative Defense**

OneBeacon also asserts as affirmative defenses each condition, limitation, and exclusion under the Policy, the application of each such provision to be determined via discovery.

## ONEBEACON'S COUNTERCLAIM FOR COSTS AND ATTORNEY'S FEES

This suit by Plaintiffs against OneBeacon is frivolous, groundless and brought in bad faith, groundless and brought for the purpose of harassment, and groundless and brought for an improper purpose.  As a result, it has been necessary for OneBeacon to employ the law firm of Strasburger & Price, LLP, to defend this action.  OneBeacon is entitled to recover from Plaintiffs its costs and reasonable and necessary attorney's fees incurred through the trial of this cause and, if necessary, appeal.

Wherefore, OneBeacon America Insurance Company respectfully requests that Plaintiffs take nothing from OneBeacon by this suit, and that OneBeacon recover its costs and reasonable and necessary attorneys' fees incurred herein, plus such other and further relief, at law or in equity, to which OneBeacon may be entitled.

Respectfully Submitted,

*/s/ Carla Crapster*_____
MICHAEL KEELEY
State Bar No. 11157800
michael.keeley@strasburger.com
CARLA C. CRAPSTER
State Bar No. 24065094
carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone:  (214) 651-4718
Telecopier:  (214) 659-4121

ATTORNEYS FOR DEFENDANT AND THIRD-
PARTY DEFENDANT ONEBEACON AMERICA
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on

all counsel of record via ECF electronic notification on February 13, 2014, as follows:

Nathan M. Rymer
Joshua Nelson-Archer
Rymer, Moore, Jackson & Echols
2801 Post Oak Blvd, Suite 250
Houston, Texas 77056-6135

*Attorney for Defendants and Third-Party Defendants Assurance Resources, Inc. and Texas Business Purchasing Alliance*

Adam S. Ward
Aaron F. Allison
Allison & Ward
2001 N. Lamar Blvd.
Austin, Texas 78705-4907

*Attorneys for Plaintiffs William Glenn and Cheryl Glenn*

Robert E. Valdez
B. Clayton Hackett
Valdez, Jackson and Trevino, P.C.
Plaza Lax Campanas
1826 N. Loop 1604 W., Suite 275
San Antonio, Texas 78248

*Attorney for Defendant and Third-Party Defendant Ty Templeton*

Mark E. Cusack
Mark E. Cusack, P.C.
242 North Guadalupe
San Marcos, Texas 78666-5608

*Attorney for Defendant and Third-Party Plaintiff L. Ray Calhoun & Co., d/b/a Calhoun and Company, et al.*

*/s/ Carla Crapster*_____
Carla Crapster

ONEBEACON AMERICA INSURANCE COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION Page 10

5668748.2/SP/15247/0108/021314