UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM GLENN AND CHERYL GLENN, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| L. RAY CALHOUN & CO., d/b/a CALHOUN AND COMPANY, et al., | § § § § | 1:13-CV-00701 |
| Defendants. | § § § | |
| v. | § § | |
| ONEBEACON AMERICA INSURANCE COMPANY, TEXAS BUSINESS PURCHASING ALLIANCE, INC., ASSURANCE RESOURCES, INC. AND TY TEMPLETON, INDIVIDUALLY, | § § § § § § | |
| Third-Party Defendants. | § | |

**ONEBEACON AMERICA INSURANCE COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM TO
DEFENDANT'S SECOND AMENDED THIRD-PARTY PETITION**

OneBeacon America Insurance Company ("OneBeacon") files this First Amended Answer and Counterclaim to Defendant's Second Amended Third-Party Petition and in support thereof would respectfully show the Court as follows:

**PARTIES**

1.  OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1.

2.  OneBeacon knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2.

3. OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3.

4. OneBeacon admits the allegations of Paragraph 4.

5. OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5.

6. OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6.

7. OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7.

## JURISDICTION AND VENUE

8. OneBeacon need not admit or deny the allegations in Section II regarding jurisdiction as those facts are no longer relevant due to the removal of this case to federal court.

9. OneBeacon need not admit or deny the allegations in Section II regarding venue as those facts are no longer relevant due to the removal of this case to federal court.

## BACKGROUND FACTS

10. OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10.

11. OneBeacon lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11, but denies that any damages resulted from any alleged statements or omissions of any of its agents.

12. OneBeacon admits that it accepted premiums for the policy it issued to Calhoun, admits that the accident was reported to OneBeacon, admits that it denied coverage for a claim submitted by Glenn, and admits that Plaintiff alleges that he was injured by the negligence of

Calhoun's fellow employees and incurred medical bills and expenses. OneBeacon denies the remaining allegations of paragraph 12.

13.     OneBeacon admits that Plaintiffs and Third-Party Plaintiffs allege that William Glenn is entitled to benefits under the Policy, but denies all other allegations of paragraph 13.

14.     OneBeacon denies the allegations of paragraph 14.

## COUNT ONE: CONTRIBUTION

15.     All allegations incorporated by reference are denied or admitted as set forth in paragraphs 1-14 above. OneBeacon denies the remaining allegations of paragraph 15.

16.     OneBeacon denies the allegations of paragraph 16.

17.     OneBeacon denies the allegations of paragraph 17.

## COUNT TWO: DECLARATORY JUDGMENT ACT

18.     OneBeacon admits that Third-Party Plaintiff requests that a declaratory judgment be entered, but denies all other allegations of paragraph 18.

## COUNT THREE: DECEPTIVE TRADE PRACTICES

19.     OneBeacon denies the allegations of paragraph 19.

20.     OneBeacon denies the allegations of paragraph 20.

21.     OneBeacon denies the allegations of paragraph 21.

22.     OneBeacon denies the allegations of paragraph 22.

23.     OneBeacon denies the allegations of paragraph 23.

24.     OneBeacon denies the allegations of paragraph 24.

25.     OneBeacon denies the allegations of paragraph 25.

26.     OneBeacon denies the allegations of paragraph 26.

### COUNT FOUR: COMMON LAW FRAUD

27. OneBeacon denies the allegations of paragraph 27.

28. OneBeacon denies the allegations of paragraph 28.

29. OneBeacon denies the allegations of paragraph 29.

### COUNT FIVE: INSURANCE FRAUD

30. OneBeacon denies the allegations of paragraph 30.

31. OneBeacon denies the allegations of paragraph 31.

### COUNT SIX: NEGLIGENCE

32. OneBeacon denies the allegations of paragraph 32.

33. OneBeacon denies the allegations of paragraph 33.

### COUNT SEVEN: NEGLIGENT MISREPRESENTATION

34. OneBeacon denies the allegations of paragraph 34.

35. OneBeacon admits that the Third-Party Plaintiffs have asserted a cause for negligent misrepresentation, but denies that the claim has any merit and denies all other allegations of paragraph 35.

### COUNT EIGHT: BREACH OF CONTRACT

36. OneBeacon denies the allegations of paragraph 36.

### COUNT NINE: ECONOMIC AND ACTUAL DAMAGES

37. OneBeacon denies the allegations of paragraph 37.

### MULTIPLE DAMAGES

38. OneBeacon denies the allegations of paragraph 38.

39. OneBeacon denies the allegations of paragraph 39.

## ATTORNEY'S FEES

40.     OneBeacon denies that Third-Party Plaintiffs are entitled to any attorney's fees or costs.

## PRAYER

OneBeacon denies that Third-Party Plaintiffs are entitled to any of the relief requested in the prayer.

## ONEBEACON'S AFFIRMATIVE DEFENSES

**1.      First Affirmative Defense**

Third-Party Plaintiff has failed to satisfy all the conditions precedent to recovery under the contract on which they sue, Combined Benefit Group Accident Policy No. BY00005 (the "Policy"). In particular, Third-Party Plaintiff has failed to satisfy the Policy's applicable terms, conditions, exclusions, restrictions, and limitations for numerous reasons including, but not limited to, the following:

(1)     It has not been established that Mr. Glenn's injuries resulted from an Accident or that they constitute Accidental Bodily Injury, both as defined in Section I of the Policy;

(2)     It has not been established that Mr. Glenn was an Eligible Person as defined by the Policy;

(3)     Even assuming Mr. Glenn was an Eligible Person as defined by the Policy, the named insured, "Calhoun & Company, Inc." ("Calhoun") was obligated to include him in its reporting of Eligible Persons beginning in April 2010, but did not do so — rather, Calhoun waited until he had been injured to report him and request coverage in May 2011, which request was refused;

(4)     Even assuming Mr. Glenn was an Eligible Person as defined by the Policy, under Section VI of the Policy Calhoun was obligated to pay premiums for him beginning on or before the Premium Due Date of May 1, 2010, which Calhoun failed to do;

(5)     Mr. Glenn was not a covered employee at the time of the reported accident;

(6) Sections II and IV of the Policy require that coverage for an injured employee must already be in place at the time of an Accident, but no coverage was in place as to Mr. Glenn at the time of the reported accident;

(7) Section XI of the Policy excludes coverage for benefits attributable to injuries occurring or conditions existing prior to the Effective Date of coverage;

(8) Section XI of the Policy excludes coverage for a Pre-Existing Condition or Injury; and

(9) Third-Party Plaintiffs did not provide any written notice to OneBeacon of its complaint under the Texas Deceptive Trade Practices Act.

**2.   Second Affirmative Defense**

The Policy on which Third-Party Plaintiff sues is without consideration, or, in the alternative, any alleged consideration has failed in whole or in part.

**3.   Third Affirmative Defense**

Notice has not been given as required by the Policy. In particular, Plaintiffs and/or Third-Party Plaintiff failed to give the notice required by Section VII., Claims, pages 16-18 of the Policy. Although prejudice is not required to prevail on this defense, OneBeacon was prejudiced by such failure to comply with the Policy.

**4.   Fourth Affirmative Defense**

Proof of loss has not been given as required by the Policy. In particular, Plaintiffs and/or Third-Party Plaintiff failed to give the proof of loss required by Section VII., Claims, pages 16-18 of the Policy. Although prejudice is not required to prevail on this defense, OneBeacon was prejudiced by such failure to comply with the Policy.

**5.   Fifth Affirmative Defense**

The Petition fails to state a viable cause of action or valid claim upon which relief can be granted against OneBeacon.

**6.     Sixth Affirmative Defense**

Third-Party Plaintiffs seek benefits from OneBeacon pursuant to the Policy, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Third-Party Plaintiff's state law claims against OneBeacon thus "relate to" an "employee benefit plan" and are completely preempted by federal law pursuant to ERISA.

**7.     Seventh Affirmative Defense**

Third-Party Plaintiff's claims are completely barred by ERISA, because Plaintiffs and Third-Party Plaintiffs failed to exhaust the administrative remedies provided for in the Policy and by ERISA.

**8.     Eighth Affirmative Defense**

Third-Party Plaintiff's claims are barred by ERISA because any decisions regarding Mr. Glenn's medical claims were neither an abuse of discretion nor arbitrary and capricious. All benefit determinations regarding Mr. Glenn's medical claims were proper and correct under the terms of the Policy.

**9.     Ninth Affirmative Defense**

Third-Party Plaintiff's claims "relate to" an "employee benefit plan." Thus, they must be asserted against the benefit plan itself pursuant to ERISA.

**10.    Tenth Affirmative Defense**

Assuming Mr. Glenn was an Eligible Person as defined by the Policy, Third-Party Plaintiff, as the insured, was obligated to include him in its reporting of Eligible Persons beginning in April 2010, but did not do so — rather, Third-Party Plaintiff waited until he had been injured to report him and request coverage in May 2011, which request was refused.

**11.    Eleventh Affirmative Defense**

Assuming Mr. Glenn was an Eligible Person as defined by the Policy, under Section VI of the Policy, Third-Party Plaintiff was obligated to pay a premium for him beginning on or before the Premium Due Date on May 1, 2010, which they failed to do.

**12.    Twelfth Affirmative Defense**

Mr. Glenn was not a covered employee at the time of the reported accident.

**13.    Thirteenth Affirmative Defense**

Sections II and IV of the Policy require that coverage for an injured employee must already be in place at the time of an Accident, but no coverage was in place as to Mr. Glenn at the time of the reported accident.

**14.    Fourteenth Affirmative Defense**

Section XI of the Policy excludes coverage for benefits attributable to injuries occurring or conditions existing prior to the Effective Date of coverage.

**15.    Fifteenth Affirmative Defense**

Section XI of the Policy excludes coverage for a Pre-Existing Condition or Injury.

**16.    Sixteenth Affirmative Defense**

It is contrary to public policy to insure against a known loss or a loss in progress, and the reported accident and Mr. Glenn's injuries occurred prior to Third-Party Plaintiff's request for coverage as to Mr. Glenn.

**17.    Seventeenth Affirmative Defense**

Third-Party Plaintiff has not provided any written notice to OneBeacon of their complaint under the Texas Deceptive Trade Practices Act.

**18.  Eighteenth Affirmative Defense**

Third-Party Plaintiff's claims under the Texas Deceptive Trade Practices Act are barred because Third-Party Plaintiff is not a "consumer" as defined in such Act.

**19.  Nineteenth Affirmative Defense**

As an employer, Third-Party Plaintiff has no standing to seek coverage under ERISA.

**20.  Twentieth Affirmative Defense**

Third-Party Plaintiff's claims are barred because the Policy was terminated due to the fraud, misrepresentation and deceit of Calhoun.

**21.  Twenty-First Affirmative Defense**

Third-Party Plaintiff's claims are barred by the applicable statute(s) of limitation.

**22.  Twenty-Second Affirmative Defense**

OneBeacon further asserts as affirmative defenses each and every condition, limitation, and exclusion under the Policy, the application of each such provision to be determined upon discovery in this case.

## ONEBEACON'S COUNTERCLAIM FOR COSTS AND ATTORNEY'S FEES

This suit by Third-Party Plaintiff against OneBeacon is frivolous, groundless and brought in bad faith, groundless and brought for the purpose of harassment, and groundless and brought for an improper purpose. As a result, it has been necessary for OneBeacon to employ the law firm of Strasburger & Price, LLP, to defend this action. OneBeacon is entitled to recover from Third-Party Plaintiff its costs and reasonable and necessary attorney's fees incurred through the trial of this cause and, if necessary, appeal.

Wherefore, OneBeacon America Insurance Company respectfully requests that Third-Party Plaintiff take nothing from OneBeacon by this suit, and that OneBeacon recover costs and

reasonable and necessary attorneys' fees incurred herein, plus such other and further relief, at law or in equity, to which OneBeacon may be entitled.

                              Respectfully Submitted,

                              */s/ Carla Crapster*
                              MICHAEL KEELEY
                              State Bar No. 11157800
                              michael.keeley@strasburger.com
                              CARLA C. CRAPSTER
                              State Bar No. 24065094
                              carla.crapster@strasburger.com
                              STRASBURGER & PRICE, LLP
                              901 Main Street, Suite 4300
                              Dallas, Texas 75202
                              Telephone: (214) 651-4718
                              Telecopier: (214) 659-4121

                              ATTORNEYS FOR DEFENDANT AND THIRD-PARTY DEFENDANT ONEBEACON AMERICA INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on all counsel of record via ECF electronic notification on February 13, 2014, as follows:

Nathan M. Rymer
Joshua Nelson-Archer
Rymer, Moore, Jackson & Echols
2801 Post Oak Blvd, Suite 250
Houston, Texas 77056-6135

*Attorney for Defendants and Third-Party Defendants Assurance Resources, Inc. and Texas Business Purchasing Alliance*

Adam S. Ward
Aaron F. Allison
Allison & Ward
2001 N. Lamar Blvd.
Austin, Texas 78705-4907

*Attorneys for Plaintiffs William Glenn and Cheryl Glenn*

Robert E. Valdez
B. Clayton Hackett
Valdez, Jackson and Trevino, P.C.
Plaza Lax Campanas
1826 N. Loop 1604 W., Suite 275
San Antonio, Texas 78248

*Attorney for Defendant and Third-Party Defendant Ty Templeton*

Mark E. Cusack
Mark E. Cusack, P.C.
242 North Guadalupe
San Marcos, Texas 78666-5608

*Attorney for Defendant and Third-Party Plaintiff L. Ray Calhoun & Co., d/b/a Calhoun and Company, et al.*

　　　　　　　　　　　　　　　　　　　_/s/ Carla Crapster_
　　　　　　　　　　　　　　　　　　　Carla Crapster

**ONEBEACON AMERICA INSURANCE COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM TO
DEFENDANT'S SECOND AMENDED THIRD-PARTY PETITION**　　　　　　　　　　　　　　　　Page 11

5669260.2/SP/15247/0108/021314